UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER J. SKINNER WARD,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:13-cv-1390-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Child Insurance Benefits ("CIB") under Title II of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, the court grants plaintiff's motion, denies defendant's motion, and remands the matter for further proceedings.

I.  BACKGROUND

Plaintiff protectively filed an application for CIB on July 21, 2009, alleging he has been disabled since December 11, 1990. Administrative Record ("AR") 71-72, 131-132. His application was denied initially and upon reconsideration. *Id.* at 73-76, 81-85. On October 13, 2011, a hearing was held before administrative law judge ("ALJ") Mark Ramsey. *Id.* at 37-70.

/////

1

1    Plaintiff was represented by counsel at the hearing, at which plaintiff, a third-party witness, and a

2    vocational expert testified.  *Id.*

3        The ALJ issued a decision finding that plaintiff was not disabled under section 223(d).[1]

4    *Id.* at 12-24.  The ALJ made the following specific findings:

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

A claimant may be entitled to Disabled Child's Insurance Benefits "on the earnings record of an insured person who is entitled to old-age or disability benefits or who has died if - (1) You are the insured person's child, based upon a relationship described in §§ 404.355 through 404.359; (2) You are dependent on the insured, as defined in §§ 404.360 through 404.365; (3) You apply; (4) You are unmarried; and (5) You are under age 18; you are 18 years old or older and have a disability that began before you became 22 years old; or you are 18 years or older and qualify for benefits as a full-time student as described in § 404.367."  20 C.F.R. § 404.350(a).

1. Born on December 11, 1990, the claimant had not attained age 22 as of December 11, 1990, the alleged onset date (20 CFR 404.102 and 404.350(a)(5)).

2. The claimant has not engaged in substantial gainful activity since December 11, 1990, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: chest wall pain, neck pain, anxiety disorder with social phobia and cognitive disorder not otherwise specified (20 CFR 404.1520(c)).

   * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

   * * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except for the following limitations: the claimant is unable to bend. He is limited to simple unskilled work, and is unable to have frequent contact with co-workers and/or public.

   * * *

6. The claimant has no past relevant work (20 CFR 404.1565).

7. The claimant was born on December 11, 1990 and was 0 years old, which defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

    * * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 11, 1990, through the date of this decision (20 CFR 404.350(a)(5) and 404.1520(g).

*Id.* at 14-24.

1    Plaintiff requested Appeals Council review which was denied on May 17, 2013, leaving
2 the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-7.

3 II.    LEGAL STANDARDS

4    The Commissioner's decision that a claimant is not disabled will be upheld if the findings
5 of fact are supported by substantial evidence in the record and the proper legal standards were
6 applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);
7 *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,
8 180 F.3d 1094, 1097 (9th Cir. 1999).

9    The findings of the Commissioner as to any fact, if supported by substantial evidence, are
10 conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is
11 more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th
12 Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a
13 conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v.*
14 *N.L.R.B.*, 305 U.S. 197, 229 (1938)).

15    "The ALJ is responsible for determining credibility, resolving conflicts in medical
16 testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
17 2001) (citations omitted). "Where the evidence is susceptible to more than one rational
18 interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."
19 *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

20 III.    ANALYSIS

21    Plaintiff argues that the Appeals Council erred in failing to consider evidence submitted
22 by plaintiff in support of his request for review. He further argues that the ALJ erred in assessing
23 his physical and mental impairments, and failed to pose a hypothetical to the VE that accurately
24 reflected his limitations. Finally, he argues that the ALJ improperly discredited plaintiff's
25 testimony and third-party statements.

26    Plaintiff first argues that Appeals Council erred by failed to consider opinion evidence
27 from his treating physician which he submitted in support of his request for review. ECF No. 14-
28 1 at 26-28. Plaintiff submitted a Mental Residual Functional Capacity Questionnaire completed

4

1    by Lynne Fiore, PhD. Pl.'s Mot. for Summ. J. ("Pl.'s MSJ"), Ex. A (ECF No. 14-3). She

2    diagnosed plaintiff with a pervasive developmental disorder-Asperger's Disorder Criteria Met.

3    *Id*. at 2. Dr. Fiore assessed, among other things, severe limitations in plaintiff's ability to

4    maintain concentration and work with others. *Id*. at 5. She found that developmentally plaintiff's

5    emotional age was approximately 13 and that he was unemployable "as he is socially and

6    emotionally delayed and would not be appropriate in the work environment." *Id*. at 6. In

7    assessing plaintiff, Dr. Fiore stated that she had been treating plaintiff since September 23, 2011.

8    *Id*. at 1. Dr. Foire also provided an opinion in a one page letter dated November 15, 2012. This

9    letter essentially reiterated her prior opinion and confirmed that she had been treating plaintiff

10    since September 23, 2011. Pl.'s MSJ, Ex. D. (ECF No. 14-6).

11        Plaintiff submitted Dr. Foire's RFC assessment and letter, in addition to other evidence, to

12    the Appeals Council in support of his request for review. Decl. of Patricia Johnson ISO Pl.'s MSJ

13    (ECF No. 14-2) ¶¶ 2, 5. In denying plaintiff's request for review, the Appeals Council stated that

14    it "looked at" evidence from Dr. Fiore, but refused to consider it because "the [ALJ] decided your

15    case through November 1, 2011 [and] "[t]his new information is about a later time." AR at 2. It

16    therefore concluded (erroneously) that "it does not affect the decision about whether you were

17    disabled on or before November 1, 2011." *Id*. The decision instructed plaintiff that "[i]f you

18    want us to consider whether you were disabled after November 1, 2011, you need to apply again"

19    and further stated that "[w]e are returning the evidence to you to use in your new claim." *Id*.

20        Plaintiff argues that the Appeals Council was required to consider Dr. Fiore's opinions in

21    determining whether to grant review. ECF No. 14-1 at 26-28. The Commissioner's regulations

22    provide that "[i]f new and material evidence is submitted, the Appeals Council shall consider the

23    additional evidence only where it relates to the period on or before the date of the administrative

24    law judge hearing decision." 20 C.F.R § 404.970(b). However, the Ninth Circuit has held that

25    medical evaluations made after the relevant time period—in this case the date of the ALJ's

26    decision—are relevant where they concern the claimant's condition during the time period at

27    issue. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (finding

28    /////

that "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition." )

Here, the evidence from Dr. Fiore relates to the period of time that was at issue before the ALJ.[2] The ALJ denied plaintiff's claim for CIB, finding that he had not been under a disability from the alleged onset date of December 11, 1990 through November 11, 2011, the date of the ALJ's decision. AR 24. Although Dr. Foire's mental RFC assessment and letter were dated after the ALJ's decision, both pieces of evidence stated that Dr. Foire had been treating plaintiff for approximately two months prior to the ALJ's decision. Accordingly, her opinion was based, at least in part, on treatment and evaluations conducted during the relevant time period. Furthermore, it was Dr. Foire's opinion that plaintiff has severe limitations based on developmental delays. Plaintiff was 21 years old at the time Dr. Foire first began treating him, and her opinions relate to the relevant period of time. Therefore, the Appeals Council erred in refusing to consider them.

The Commissioner contends that even when considering Dr. Foire's opinion, the ALJ's decision is still supported by substantial evidence. ECF No. 19 at 4-5. Relying on *Brewes v. Astrue*, 682 F.3d 1157 (9th Cir. 2012), the Commissioner argues that the court may review the evidence submitted for the first time to the Appeals Council and nonetheless decide that the ALJ's decision is still supported by substantial evidence. *Id*. at 4. The Commissioner's reliance on *Brewes* is misplaced. In *Brewes*, the Ninth Circuit explicitly held "that when a claimant submits evidence for the first time to the Appeals Council, *which considers that evidence in denying review of the ALJ's decision*, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes*, 682 F.3d at 1159-60 (emphasis added). Here, the Appeals Council expressly did not consider Dr. Fiore's assessment and consequently it was not made part of the administrative record.

---

[2] To be eligible for CIB, plaintiff had to establish that he had a disability before turning 22. 20 C.F.R. § 404.350(a). At the time of the ALJ's decision, plaintiff had not yet reached the age of 22. *See* AR 14.

1    The instant case is governed by *Taylor*. In that case, the plaintiff submitted to the Appeals
2    Council a psychiatric evaluation and medical source statement, which were not considered by the
3    ALJ. *Taylor*, 659 F.3d at 1231. Both pieces of evidence were dated after the relevant time
4    period, but the content therein was based on medical examinations during the relevant period. *Id*.
5    Thus, they contained relevant medical information. Yet, the Appeals Council failed to consider
6    the evidence, either because it was misplaced or because it erroneously concluded that it pertained
7    to a later time period. *Id*. at 1232-33. The court found that since the assessments concerned the
8    plaintiff's limitations during the relevant period, they should have been considered by the
9    Appeals Council. *Id*. at 1233. The court ultimately remanded the case, holding that "where the
10   Appeals Council was required to consider additional evidence, but failed to do so, remand to the
11   ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence."
12   *Id*. (citing 20 C.F.R. § 404.970(b)).

13   Here, in denying plaintiff's request for review, the Appeals Council refused to consider
14   the evidence from Dr. Foire based on its mistaken conclusion that it only pertained to a later
15   period that was not relevant. As already discussed, Dr. Foire's opinion was relevant to the time
16   period at issue before ALJ and the Appeals Council was required to consider it. It failed to do so,
17   and accordingly, the court remands the matter to the ALJ for consideration of this evidence.
18   *Taylor*, 659 F.3d at 1233; *see also Mancillas v. Colvin*, 2014 WL 2918897 (N.D. Cal. June 26,
19   2014) (finding that under *Taylor*, remand was appropriate where the Appeals Council failed to
20   consider an RFC assessment completed after the ALJ's decision by a physician that started
21   treating plaintiff 8 days before the decision).[3]

22   IV.    CONCLUSION
23          Based on the foregoing, it is hereby ORDERED that:
24          1. Plaintiff's motion for summary judgment is granted;
25          2. The Commissioner's cross-motion for summary judgment is denied;
26          3. The Clerk is directed to enter judgment in plaintiff's favor; and

---

[3] As the matter must be remanded for further consideration as provided herein, the court declines to address plaintiff's remaining arguments.

4. The matter is remanded for further proceedings consistent with this opinion.

DATED: September 30, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE